# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| **PAUL BULTMEYER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **13-40119-FDS** |
| ) | |
| **JEFF GRONDOLSKY,** ) | |
| ) | |
| **Respondent.** ) | |

---

## MEMORANDUM AND ORDER

**SAYLOR, J.**

**I.      Introduction**

On October 1, 2013, petitioner Paul Bultmeyer, a federal prisoner in custody at FMC

Devens in Ayer, Massachusetts, filed a self-prepared petition for a writ of habeas corpus under

28 U.S.C. § 2241, along with supporting exhibits.[1]  Bultmeyer seeks to invoke the savings clause

of 28 U.S.C. § 2255 in order to challenge his conviction and sentence.

**A.      The Conviction and Appeal**

On May 19, 2010, pursuant to a plea agreement, Paul Bultmeyer pleaded guilty in the

United States District Court for the District of New Jersey to a one-count information charging

him with conspiring with others to commit wire fraud in violation of 18 U.S.C. § 1349.[2]  *See*

---

[1] Bultmeyer also sent a copy of the $5.00 check to be sent to the Court from the Treasurer's Office at FMC Devens.

[2] Bultmeyer partnered with co-defendant Arthur Piacentini to operate Ameripay, LLC, a payroll company located in Rochelle Park, New Jersey.  That company handled payroll and tax withholding services for many private companies and public entities throughout New Jersey, and was entrusted by its clients with millions of dollars to

*United States v. Bultmeyer*, No. 2:10-cr-00356-JLL-1 (D.N.J.).  On March 18, 2011, he was sentenced to 60 months of imprisonment, three years of supervised release, and restitution in the amount of $8,606,413.36.  *See* Judgment (Docket No. 28).

Bultmeyer filed an appeal raising three issues:  (1) whether the district court erred in fixing the loss amount attributable to him in calculating offense level under the sentencing guidelines; (2) whether the district court erred in enhancing his offense level by two levels for abuse of trust under § 3B1.3 of the guidelines; and (3) whether the district court erred in failing to consider critical sentencing factors under 18 U.S.C. § 3553.  On May 22, 2012, the United States Court of Appeals for the Third Circuit affirmed the conviction and sentence.  *See United States v. Bultmeyer*, 483 Fed. Appx. 750, 2012 WL 1854118 (3d Cir. 2012).[3]

**B.      The  First Section 2241 Petition in This Court**

On March 12, 2013, Bultmeyer filed a § 2241 habeas petition in this Court, seeking to invoke the savings clause of § 2255.  *See Bultmeyer v. Grondolsky*, Civil Action No. 13-40028-RWZ.  Bultmeyer raised six grounds in the petition.  First, he contended that the plea agreement was extracted through alleged systemic judicial intimidation and coercion, in violation of his constitutional rights, resulting in a conviction of a crime he did not commit.  He alleged that he was forced under duress to give up his Sixth Amendment right to a jury trial due to the coercive effect of U.S.S.G. § 3E1.1.  As a result, he claimed that had he risked an adverse jury verdict, he might have received a sentence at least 40% longer than pleading guilty to a crime he did not commit.  Second, he contended that the sentencing court committed clear error by erroneously

---

make payroll and to pay federal and state taxes.  Bultmeyer and Piacentini were charged with misappropriating and diverting more than $10 million in funds entrusted to them by clients.

[3] A summary of the Third Circuit's finding previously has been set forth by Judge Zobel, in Bultmeyer's first § 2241 petition and need not be recited here.  *See Bultmeyer v. United States*, Civil Action No. 13-40028-RWZ, Memorandum and Order (Docket No. 7).

calculating the loss amount under U.S.S.G. § 2B1.1 because (1) it used actual rather than intended loss in determining the loss amount; (2) it failed to apply the value of victim collateral; (3) it erroneously applied professional fees; and (4) it failed to establish loss amount as of the date of the government intervention.  Third, he contended that the sentencing court committed plain error in adding a sentence offense level enhancement for abuse of trust, where the factual basis for the two-level enhancement was not contained in the plea agreement's factual stipulations, not found by a jury, and supported only by unproved allegations contained in the Presentence Report.  Fourth, he contended that the sentencing court abused its discretion because of a sentencing disparity with his co-defendant.  Fifth, he contended that the sentencing judge failed to recuse himself as required by 28 U.S.C. § 455 because he was, as a resident and taxpayer of one of the municipalities defrauded, a victim with a personal financial interest in the fraud.  Finally, he contended that he was deprived of effective assistance of counsel because his attorney's performance fell below the objective standard of reasonableness, in that the attorney (1) failed to evaluate Bultmeyer's conduct as it related to the information, thereby resulting in a guilty plea to a crime Bultmeyer did not commit; (2) failed to request an evidentiary hearing on the loss amount and abuse of trust; and (3) failed to object to the sentencing court's calculation of loss and the material misrepresentations contained in the Presentence Report.

On March 15, 2013, Judge Zobel entered a Memorandum and Order dismissing the petition for lack of jurisdiction.  She rejected Bultmeyer's contention that he should be able to bring a § 2241 petition because § 2255 was an inadequate or ineffective remedy to challenge his detention.  Bultmeyer had argued that because of the constitutional violations by his attorney, the prosecutor, and the district court, § 2241 would be a more expeditious vehicle to address his constitutional claims.  Judge Zobel found, however, that Bultmeyer was not time-barred from

filing a § 2255 motion in the sentencing court.  She also concluded that he had presented no new

facts or credible evidence to support the invocation of the savings clause because he failed to

present any persuasive legal authority or raise any exceptional circumstances to convince the

Court that § 2255 was inadequate or ineffective.  In particular, Judge Zobel noted that Bultmeyer

had raised his grounds in his direct appeal and those grounds were rejected, that he had not even

attempted to pursue an available § 2255 motion with the sentencing court, and that he did not

claim actual (factual) innocence.

### C.  The Pending Section 2255 Motion in the District of New Jersey

Following the dismissal of the first § 2241 habeas petition, on April 30, 2013, Bultmeyer

filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 in the United States

District Court for the District of New Jersey.  *See Bultmeyer v. United States*, Civil Action No.

2:13-02771-JLL.  Bultmeyer raised eight grounds for relief.[4]

On July 23, 2013, District Judge Jose L. Linares entered a Notice and Order advising

Bultmeyer that a first § 2255 motion must include all available federal claims.  Therefore,

Bultmeyer had two options.  First, he could have his § 2555 motion considered as his all-

inclusive motion, or second, he could withdraw his § 2255 motion without prejudice in order to

file an all-inclusive § 2255 motion at a later time, provided such motion was filed within the

limitations period set forth in 28 U.S.C. § 2255.  The Notice and Order advised Bultmeyer that if

he did not notify the Clerk of Court in writing within 30 days, then the District Court would

consider his pending § 2255 motion as his all-inclusive § 2255 motion raising eight grounds.

---

[4] The eight grounds included six grounds similar to those set forth in the first § 2241 petition.  He also
contends (1) that his due process rights were violated because of judicial bias, prosecutorial misconduct, and
ineffective assistance of counsel, resulting in a gross miscarriage of justice, and (2) the Third Circuit made numerous
errors in reviewing his sentence.  As to the last ground, Bultmeyer contends it was not raised earlier because he only
recently discovered it.

On August 1, 2013, Bultmeyer filed a response indicating that his § 2255 motion should be treated as all-inclusive, raising all eight grounds.  That § 2255 motion remains pending.

### D.      The Present Section 2241 Petition

Less than two months after filing his response in his § 2255 case, Bultmeyer filed the present § 2241 petition.  Bultmeyer has tailored his second petition to attempt to address the impediments to § 2241 relief noted by Judge Zobel.  Essentially, however, the petition is substantively the same as his first, dismissed petition, as well as the § 2255 motion pending in the District of New Jersey, with a few exceptions.

Again, Bultmeyer alleges the plea agreement he entered into was based on intimidation and coercion, resulting in his plea to a crime he did not commit.  In addition, he now claims that he is actually ("factually") innocent and not merely legally innocent.  He contends that he was faced with a Hobson's choice either to plead guilty or risk a long sentence.  He also claims that he did not understand the elements of charge against him and the government's burden of proof.

Next, Bultmeyer again asserts that the sentencing court erred in calculating the loss amount and in enhancing his sentence.  He disputes the abuse of trust enhancement under the sentencing guidelines. He claims that the sentencing court abused its discretion in sentencing him to a greater term of imprisonment than that of his co-defendant.  He again alleges error by the sentencing judge in failing to recuse himself because of a conflict of interest due to his personal financial interests.  He alleges judicial bias, prosecutorial misconduct, and ineffective assistance of counsel.  He further alleges that the Third Circuit made numerous errors in reviewing his direct appeal, and that its decision is not *res judicata*.

Bultmeyer also alleges that the savings clause properly may be invoked here because a recent Supreme Court decision, *United States v. Alleyne*, 133 S. Ct. 2151 (June 17, 2013),

renders unlawful the sentencing court's fact finding and its imposition of a two-level enhancement for abuse of trust.[5]  He contends that *Alleyne* is a new rule of law that makes any factual determination that increases the range of punishment an "element of the crime" and not a "sentencing consideration."  Thus, he contends this must be decided by a jury or admitted to by him.  Bultmeyer asserts that at sentencing, the judge made this fact finding without the benefit of a jury, without any admission on his part, and without a stipulation in the plea agreement.  He further contends that *Alleyne* is retroactive on collateral review because it is a "watershed" decision.

Finally, Bultmeyer claims that his § 2255 motion has not been acted upon within a reasonable time, and thus a § 2241 petition is the most expeditious way to resolve the alleged constitutional violations and prevent a miscarriage of justice.

As relief, Bultmeyer requests that his plea agreement, guilty plea, and sentence be vacated, and that the Bureau of Prisons be ordered to release him immediately.  He also seeks to have his criminal case remanded to the District of New Jersey and assigned to a different judge.

## II.    Analysis

Under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).[6]  It is well-settled

---

[5] In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that "judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." *Alleyne*, 133 S.Ct. at 2155.  The Court held in *Alleyne* that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. *Id.* Because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is considered an "element" that must be submitted to a jury. *Id.*

[6] Bultmeyer's petition has not been served pending the Court's review.  *See* 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted").

that a prisoner normally must pursue a collateral attack pursuant to § 2255 before the sentencing

court rather than through a § 2241 habeas petition in the district in which he is incarcerated.

*United States v. Barrett,* 178 F.3d 34, 50 n.10 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176

(2000); *see Rogers v. United States*, 180 F.3d 349, 357 n.15 (1st Cir. 1999) *cert. denied*, 528

U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any

errors occurring at or prior to sentencing, including construction of the sentence itself.");

*Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001).[7]  Section 2255 relief is

available when a petitioner demonstrates that his sentence "(1) was imposed in violation of the

Constitution, or (2) was otherwise subject to collateral attack."  *Moreno-Morales v. United*

*States*, 334 F.3d 140, 148 (1st Cir. 2003) (citing *Davis v. United States*, 134 F.3d 470 (1st Cir.

1988)).

A federal prisoner cannot challenge the legality of his sentence through an application for

a writ of habeas corpus under § 2241 unless it appears that a § 2255 motion is "inadequate or

ineffective to test the legality of his detention."  28 U.S.C. § 2255(e)*; see also Barrett*, 178 F.3d

at 38 (explaining that a federal prisoner "cannot evade the restrictions of

§ 2255 by resorting to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C.

---

[7] While both provisions of § 2241 and § 2255 authorize challenges to the legality of a prisoner's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one."  *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), *citing Edmond v. United States*, 520 U.S. 651, 657 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 488-489 (1973).  The rationale behind this is that under general circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions and the time limitations for filing a § 2255 motion. *Coady,* 251 F.3d at 484-485.  Moreover, § 2255 gives the court more flexibility in fashioning a remedy than a habeas writ.   *In Re Hanserd,* 123 F.3d 922, 925 (6th Cir. 1997).  Another consideration is that " inter-district comity and practicality suggest that the original sentencing court is better positioned to reevaluate a federal prisoner's conviction and sentence."  *Id.*  Section 2241 relief may be available for a prisoner seeking to challenge the execution of a federal sentence, including computation of a sentence, disciplinary actions, prison transfers, types of detention, and other prison conditions.  *Thornton v. Sabol*, 620 F. Supp. 2d 203, 206 (D. Mass. 2009).

§ 1651), *cert. denied*, 528 U.S. 1176 (2000).[8]

Recourse to the savings clause is appropriate "in rare and exceptional circumstances," such as where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." *Id.*; *see Barrett*, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").[9]

Nothing in Bultmeyer's filings convinces this Court that § 2255 is an inadequate or ineffective remedy to contest his conviction and sentence. This Court cannot ascertain any credible reason why a motion under § 2255 would be ineffective or inadequate *where he has a pending § 2255 motion*, and there is absolutely no indication that the motion would not be

---

[8] The savings clause states, in relevant part:

> An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255.

[9] " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases." *Walker v. Russo*, 506 F.3d 19, 21 (1st Cir. 2007). Here, Bultmeyer's claim raises legal challenges rather than factual challenges based on actual innocence. Although he argues that because he never committed an essential element of wire fraud, he is actually "completely" innocent of the crime, he does not set forth any new evidence (exculpatory, scientific, eyewitness, or physical) to support an actual innocence claim. *See* Exhibit (Docket No. 1 at 6). Simply couching a due-process challenge in terms of factual innocence is not sufficient. Moreover, the Court notes that he did not make a claim of factual innocence in connection with his § 2255 motion, and did not raise such a claim in his first § 2241 petition before Judge Zobel. In any event, he has not shown that he is foreclosed from presenting this issue in his pending § 2255 motion.

decided within a reasonable period of time.  Indeed, only recently, the sentencing court has stated that it will consider his eight claims in an all-inclusive § 2255 motion once Bultmeyer notified the Clerk of his intentions.  The present § 2241 petition was filed only *two months* after he advised the sentencing court that he wanted his § 2255 motion to be considered as all-inclusive.  It is true that there is authority for the proposition that where the sentencing court unreasonably delays its consideration of a § 2255 motion, the savings clause may be invoked in order to bring a § 2241 petition.  *See Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965).  Nevertheless, that is not the case here.  Given the number and nature of the challenges raised by Bultmeyer in his § 2255 motion, his case cannot be deemed to have been unreasonably delayed for purposes of the savings clause.  *See In re Johnson,* 45 Fed. Appx. 280, *1 (4th Cir. 2002) (unpublished decision) (denying petition for writ of mandamus to compel district court to rule on § 2255 motion finding that where docket indicated significant action in the past six months, there was no undue delay in consideration of the motion); *In re Lineberger*, 16 Fed. Appx. 115, 116 (4th Cir. 2001) (denying petition for writ of mandamus where district court entered orders in § 2255 case within six months of the filing of the petition, finding no unreasonable delay); *In re Dicola*, 9 F.3d 1543, *1 (4th Cir. 1993) (unpublished table decision) (denying a petition for writ of mandamus in connection with a § 2255 case, finding three-month delay was not an undue delay in the court's consideration of petitioner's habeas petition or other motions).   Although Bultmeyer may believe that the District Court in New Jersey is not acting as expeditiously as he hoped, that simply is not a basis for attempting to judicial review in this Court through the savings clause.

        Moreover, as Judge Zobel noted, Bultmeyer has not raised any exceptional circumstances

showing that it would be a complete miscarriage of justice if he was not permitted to bring a
§ 2241 petition, and this Court agrees.  Nothing has changed since March 2013 to alter this
Court's view.

Finally, this Court need not delve into Bultmeyer's claim that *Alleyne* applies to his
situation and that the case renders his sentence is unlawful.  There is no indication that this issue
cannot be addressed in connection with his § 2255 motion.  Of note, however, is that, although
Bultmeyer alleges *Alleyne* as retroactive effect to cases collaterally attacking a sentence, the case
law interpreting *Alleyne* suggests otherwise.[10]

In sum, Bultmeyer has not asserted new facts or credible evidence, nor put forth any
binding or persuasive legal authority, from which this Court reasonably could conclude that
§ 2255 is an inadequate or ineffective remedy to test the legality of his detention.

For all of these reasons, this Court lacks jurisdiction to entertain Bultmeyer's habeas
petition.  *See Heredia v. Grondolsky*, 2012 WL 5932061 (D. Mass.  2012) ("The Court finds
that the instant case seeks Section 2255 relief through a Section 2241 petition, and that Section
2255 is not an inadequate or ineffective remedy to test the legality of petitioner's detention.

---

[10] *See, e.g., In re Payne*, 2013 WL 5200425, * 1-2 (10th Cir. Sept. 17, 2013) ("The Court has not held that
*Alleyne* applies retroactively to cases on collateral review.  Further, '[t]he Court resolved *Alleyne* on direct rather
than collateral review . . . *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Justices
have decided that other rules based on *Apprendi* do not apply retroactively on collateral review."); *United States v.
Denton*, 2013 WL 5423599, *1 (W.D. Wis. Sept. 26, 2013) (*Alleyne* does not apply retroactively to cases closed
before *Alleyne* was decided); *Bennett v. United States*, 2013 WL 5406653, *1 (S.D. Sept. 25, 2013) ("[T]he Supreme
Court did *not* declare that the new rule in *Alleyne* is retroactive on collateral review, nor is it likely to do so.");
*United States v. Crayton*, 2013 WL 4350643, *1 (W.D. Wis. Sept. 23, 2013) ("As a general rule, rules of procedure,
such as the ones announced in *Apprendi* and *Alleyne* do not apply retroactively to cases that became final before the
new rule was announced."); *Munguia v. United States*, 2013 WL 5306192, *17 (E.D. Tenn. Sept. 20, 2013) ("[T]he
new rule announced in *Allyene* is not retroactive and cannot be applied retroactively to cases on collateral review
under § 2255"); *Clinton v. Young*, 2013 WL 5233712, *1 (W.D. La. Sept. 16, 2013) (While the Fifth Circuit has not
ruled on this issue, "the courts that have addressed it have all held that *Alleyne* is not retroactive.") *citing Mingo v.
United States*, 2013 WL 449929, *2 (W.D. Mich. Aug. 19, 2013) ("The holding in *Alleyne* does not qualify as a new
'watershed rule'").

Consequently, this Court lacks jurisdiction to consider petitioner's habeas challenges under Section 2241"). *See also Owens v. Jett*, 2011 WL 4860171, *3 (D. Minn. 2011) (court lacks jurisdiction over § 2241 petition unless petitioner shows that the § 2255 remedy is inadequate or ineffective).

**III.     Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED, and this action is DISMISSED in its entirety.  The Clerk is directed to send a courtesy copy (by mail or e-mail) to the Clerk's Office for the United States District Court for the District of New Jersey, in connection with *Bultmeyer v. United States*, Civil Action No. 2:13-02771-JLL.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  October 4, 2013